# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA

WANDA GAVIN,
Plaintiff,

FEB 25 2026 AM 10:37
USDC GREENVILLE SC

v.

AMERICAN DEALERS FINANCIAL SERVICES, LLC;
FAMILY AUTO, LLC; and
TMR TOWING,

Defendants.

C/A No.: 7:25-cv-13974-TMC-WSB

**PLAINTIFF'S RULE 12(b)(6) MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM OR, IN THE ALTERNATIVE, REPLY TO COUNTERCLAIM**

Plaintiff Wanda Gavin, appearing pro se, moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Defendants' Counterclaim (Entry No. 19), or alternatively submits this Reply, and states as follows:

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a pleading must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A counterclaim that offers only labels, conclusions, or a formulaic recitation of elements is insufficient under Rule 8(a).

The Court must determine whether the pleading alleges facts sufficient to raise a right to relief above the speculative level.

## I. INTRODUCTION

Defendants' Counterclaim consists of two conclusory paragraphs (¶¶ 19–20) alleging that Plaintiff remains in possession of her vehicle, continues making payments, and may owe unspecified sums at trial.

The Counterclaim:

- Asserts no independent cause of action;
- Pleads no elements of breach of contract;
- Identifies no specific default;
- Alleges no calculable damages; and
- Seeks speculative future recovery.

It fails to meet federal pleading standards and must be dismissed.

## II. MOTION TO DISMISS – FAILURE TO STATE A CLAIM

### A. The Counterclaim Fails to State a Recognized Cause of Action

Paragraphs 19–20 allege only that:

- Plaintiff possesses the vehicle;
- Plaintiff continues making payments;
- Defendants request judgment for "sums which may be due" at trial.

To state a claim for breach of contract under South Carolina law, a party must allege:

1. The existence of a binding contract;
2. A specific breach of that contract; and
3. Damages resulting from the breach.

Defendants do not identify:

- Any specific contractual provision violated;
- Any missed payment or default;
- Any acceleration of debt;

- Any balance allegedly due;
- Any calculation of damages.

Conclusory requests for future sums do not satisfy Rule 8 pleading requirements.

## B. The Counterclaim Is Speculative and Premature

Defendants request judgment for amounts that "may be due at the time of trial."

This is contingent and hypothetical.

Federal courts do not enter judgment for speculative future damages. A claim must assert present, concrete injury.

The Counterclaim alleges none.

## C. No Basis for Attorney's Fees Is Pleaded

Defendants request attorney's fees but:

- Cite no statutory basis;
- Identify no contractual fee provision;
- Allege no bad faith conduct.

Under the American Rule, attorney's fees are not recoverable absent statute or contract. No such basis is pled.

## D. "Accord and Satisfaction" Is Not a Counterclaim

In Paragraph 18, Defendants assert that Plaintiff's continued payments and redemption of the vehicle constitute "accord and satisfaction" and render the Complaint moot.

Accord and satisfaction is an affirmative defense under Rule 8(c), not an independent cause of action.

Moreover:

- Continued performance of a disputed contract does not constitute a new settlement agreement;

- Redemption under UCC § 9-623 does not waive statutory claims;

- Payments made under duress following repossession do not establish mutual assent;

- Federal statutory claims (TILA, FDCPA, UCC violations) are not extinguished by continued possession.

This theory does not convert into an enforceable counterclaim.

## III. ALTERNATIVE REPLY TO COUNTERCLAIM

If dismissal is denied, Plaintiff responds as follows:

1. Plaintiff denies that any sums are presently owed to Defendants.

2. Plaintiff denies breach of any enforceable agreement.

3. Plaintiff denies that Defendants possess a valid, enforceable security interest.

4. Plaintiff denies that redemption or continued possession constitutes waiver or ratification.

5. Plaintiff denies that any valid contractual basis exists for attorney's fees.

6. Plaintiff alleges that any payments made were under duress following unlawful repossession and without proof of secured-party rights or possession of the original Retail Installment Sales Contract.

## IV. ADDITIONAL AFFIRMATIVE DEFENSES TO COUNTERCLAIM

Without waiving her claims, Plaintiff asserts:

- Failure to State a Claim

- Lack of Standing (assignment and chain-of-title disputed)

- Failure of Consideration

- Unclean Hands

- Setoff and Recoupment

- Duress

- Violations of TILA, FDCPA, and the UCC

## V. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

1. Dismiss Defendants' Counterclaim with prejudice;

2. Deny Defendants' request for attorney's fees;

3. Award costs incurred in responding to the Counterclaim;

4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Wanda Gavin
Pro Se Plaintiff
Email: w.gav86@gmail.com